412 So.2d 1039 (1982)
STATE of Louisiana
v.
Thomas J. FARRIS.
No. 81-K[A]-2264.
Supreme Court of Louisiana.
April 5, 1982.
*1040 C. Thomas Tolbert, Sulphur, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jerry G. Jones, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiff-respondent.
BLANCHE, Justice.
Defendant was charged by bill of information with criminal trespass in violation of Cameron Parish Police Jury Ordinance Number 10-1-56 Sec. 44(A). He was tried before a judge, found guilty, and sentenced to fifteen days in jail; however, the sentence was suspended and the defendant placed on two years unsupervised probation. We granted defendant's writ to review the constitutionality of the ordinance under which defendant was convicted.
The defendant argues that the trial court erred in denying his motion to quash the bill of information against him because the ordinance under which he was prosecuted is unconstitutionally vague and overbroad. The ordinance in question reads as follows:
No person shall hunt or fish on any unenclosed land or waters within the Parish of Cameron, Louisiana, without first obtaining the approval of the owner or lessee thereof. (emphasis supplied)
This ordinance was passed pursuant to authority granted by virtue of Act No. 355, Acts 1956 of the Louisiana legislature.
The constitutional requirement of definiteness for a regulatory law accompanied by a penal sanction emanates from the due process clause of the United States Constitution and Article 1, Sections 13 and 16 of the Louisiana Constitution. A statute with criminal sanctions is unconstitutional if it is vague, and the crippling constitutional defect in a vague law is that it does not give individuals adequate notice of the conduct prohibited by law. By the same token, neither does it give adequate standards for those charged with administering the law to follow in determining whether the statute has been violated. State v. Dousay, 378 So.2d 414 (La.1979); Schopler, Annotation, Indefiniteness of Language as Affecting Validity of Criminal Legislation or Judicial Definitions of Common-Law CrimeSupreme Court Cases, 16 L.Ed.2d 1231 (1966).
This Court has held that the constitutional guarantee that an accused be informed of the nature and cause of the accusation against him requires that a penal statute describe unlawful conduct with sufficient clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Dousay, supra. We have also held that the requirement that a statute be definite has been complied with when the language "has a generally accepted *1041 meaning such that a person of ordinary intelligence would be given fair notice of what conduct is forbidden", or when "the crucial words [or] phrases in the criminal statute have a fixed and definite meaning for a person of ordinary intelligence." State v. Defrances, 351 So.2d 133 (La.1977); State v. Cloud, 248 La. 125, 176 So.2d 620 (1965).
In State v. Vanicor, 239 La. 357, 118 So.2d 438 (1960), this Court held unconstitutionally vague a statute which contained a prohibition against commercial fishing by means of artificially or electrically controlled devices and made it unlawful to possess any of those devices "under circumstances which indicate that said possession is for the purpose of illegally taking commercial fish". We noted that the statute failed to specify what constituted such "circumstances" and furnished no clear definition of the word and no guide or standard by which such "circumstances" could be judged, although the word was susceptible to many interpretations. Criminal laws are to be construed stricti juris, and this Court has consistently refused to usurp legislative prerogatives by supplying definitions omitted in criminal statutes. State v. Murtes, 232 La. 486, 94 So.2d 446 (1957); State v. Truby, 211 La. 178, 29 So.2d 758 (1947).
In our view, the ordinance presently before the Court is unconstitutionally vague due to the fact that the ordinance does not define "unenclosed land or waters", nor does that phrase have a generally accepted meaning such that a person of ordinary intelligence would be given fair notice of the conduct forbidden. This is particularly true of the ordinance's reference to "unenclosed waters." It occurs to this Court that the word "unenclosed" has no meaning without an understanding of the word "enclosed"; therefore, in the absence of a definition of either, a person must reason his own interpretation of what type of waters are "unenclosed" by reference to the type of waters he determines to be "enclosed". Water may be "enclosed" in the sense that it has no outlet to another body of water, for example, a landlocked lake, or a body of water may be enclosed because it is surrounded by an artificial barrier such as a dam, weir or bulkhead. Reasoning from the possible definitions we have fashioned for "enclosed waters", "unenclosed waters" must necessarily be interpreted to mean water that is not "enclosed". It might then be reasoned that such waters would have an outlet to another body of water or would not be encompassed by a barrier, either natural or artificial. Accordingly, under this definition, "unenclosed waters" would include all waters in Cameron Parish which are not landlocked or enclosed within barriers and, most assuredly, all navigable and non-navigable streams and rivers would be included in this definition. As demonstrated above, the circuitous reasoning necessary to discern the possible meanings of the phrase "unenclosed waters" convinces us that a person of ordinary intelligence who read this statute would not be given fair notice of the conduct forbidden, nor does the ordinance provide a definition to clarify the ambiguity.
The state contends that "enclosed" is adequately defined in R.S. 14:63 et seq.[1] We find this contention to be devoid of merit. In the first place, the ordinance makes no reference to the cited statute's definitions of "enclosed". Further, the statutes deal with "enclosed" lands, not "unenclosed" waters, and, if the ordinance seeks to proscribe conduct on "unenclosed" waters, it should provide its own definition.
The very fact that the legislature determined it was necessary to define "enclosed" in the statutes cited supports this Court's ruling that the undefined phrase "unenclosed water" is unconstitutionally vague. The legislature's inclusion of a definition of "enclosed" indicates a concern that the term is ambiguous without definition and, therefore, *1042 requires explanation. Criminal statutes are to be strictly construed. We are unwilling to provide a definition of "unenclosed" by looking to the definition of "enclosed" in an unrelated statute, or by fashioning one independently, then reasoning that all things which are not "enclosed" are "unenclosed." The ordinance is vague as it is written and this Court will not furnish a definition of "unenclosed" to illuminate its ambiguous language because the police jury failed to provide one.
We hold the ordinance to be unconstitutionally vague; therefore, we need not address relator's other assignments of error. The defendant's conviction is reversed and his sentence vacated and set aside.
Reversed.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I do not consider that the ordinance prohibiting hunting and fishing on unenclosed land or waters without first obtaining the approval of the owner or lessee is unconstitutionally vague.
Accordingly, I respectfully dissent.
NOTES
[1] The statutes referred to are R.S. 14:63, entitled "Criminal trespass", and R.S. 14:63.12, entitled "Criminal trespass upon marshland". We note that R.S. 14:63 has been amended, but the effective date was several months after the offense at issue here; therefore, the amendments do not apply.