LINDSAY, Judge.
The defendant, Clinton Lee Grant, appeals his conviction for distribution of cocaine and his sentence to serve six years at hard labor. For the following reasons, we affirm his conviction and sentence.

FACTS

On the evening of April 4, 1991, Deputy Willie Lee Robinson of the Richland Parish Sheriffs Office, was working undercover with the Narcotics Task Force in Lincoln Parish. Local law enforcement officials furnished Deputy Robinson with a body microphone and cash to buy drugs. A confidential informant accompanied Deputy Robinson and directed him to Second Street in Ruston where the defendant was standing with a group of men on the street. Deputy Robinson called the defendant over to his car and purchased one rock of what appeared to be crack cocaine from the defendant for $20. The substance was later analyzed and determined to be cocaine. Deputy Robinson identified the *749 defendant from a photographic lineup as the individual who sold the cocaine. The confidential informant also identified the defendant as the seller of the cocaine.
The defendant was arrested and charged with distribution of cocaine. He was tried by jury and convicted as charged. The defendant appealed his conviction and sentence.

MOTION FOR CONTINUANCE

The defendant contends that the trial court abused its discretion in failing to grant his motion for continuance filed on the day the case was scheduled for trial. As demonstrated below, the record shows that the defendant’s motion for a continuance was, in fact, granted. Therefore, this argument is without merit.
On June 6, 1991, the defendant was charged by grand jury indictment with distribution of cocaine. On July 22, 1991, the defendant appeared in court with appointed counsel, waived arraignment and pled not guilty. The trial date was set for November 4,1991. The minutes reflect that on November 4, 6, 8 and 18, 1991, the defendant appeared in court with appointed counsel for trial. In each instance, the trial date was reset. The trial was ultimately set for November 19, 1991.
On November 12, 1991, the defendant filed a motion to enroll Keith Mullins as counsel. On November 19,1991, Mr. Mullins appeared in court with the defendant. At that time, he filed numerous written motions and orally moved for a continuance. The trial court granted the motion for continuance and continued the matter for trial until November 21, 1991. No objection was made by the defendant to the length of the continuance or the new trial date. The written motions filed by defense counsel were heard before trial and the trial on the merits did not actually begin until November 22, 1991.
Because no contemporaneous objection was made to the setting of the trial date, the defendant cannot now be heard to complain that he was prejudiced by the setting. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. While a bill of ex-eeptions to rulings or orders is unnecessary, it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor. LSA-C.Cr.P. Art. 841; State v. Jackson, 523 So.2d 251 (La.App. 2d Cir.1988), writ denied, 530 So.2d 565 (La.1988). Because the defendant did not object to the length of the continuance granted by the trial court, the issue may not be raised on appeal.

SENTENCE

Following his conviction for distribution of cocaine, the defendant was sentenced to serve six years at hard labor. The defendant made an oral motion to reconsider the sentence in accordance with LSA-C.Cr.P. Art. 881.1.
LSA-C.Cr.P. Art. 881.1(D) provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
In his motion to reconsider the sentence, the defendant only alleged that the trial court had improperly considered a conviction involving a controlled dangerous substance that was still pending on appeal. The defendant argued that, because the conviction was still under review by the appellate court, it was not a “final” adjudication and should not be considered in sentencing. This argument is without merit.
In sentencing the defendant, the court stated that it considered a possession of marijuana conviction that was entered in 1989. The defendant’s presentence investigation report also lists a charge of possession of a Schedule II controlled dangerous substance which, in September, 1989, was continued without date. When the defendant’s counsel made his oral motion for reconsideration, he objected to the consideration of the charge *750 involving the controlled dangerous substance, stating that he thought the conviction was still pending on appeal.
The court responded that the possession of marijuana conviction had been given only “nominal” consideration in sentencing the defendant.
The records of this court fail to show that a writ application was filed seeking review of the 1989 conviction for possession of marijuana, which is a misdemeanor. (Our records also show that no appeal has been lodged from any other criminal case involving this defendant which arose prior to the date of sentencing for the present offense.) Therefore, when the defendant was sentenced in 1992 for the instant offense, the conviction for possession of mariguana appears to have been final and was properly considered by the court in pronouncing sentence.
The defendant was sentenced as a first felony offender. The record in this case simply fails to support the defendant’s argument that a prior charge or offense was improperly considered in pronouncing sentence in this case.

Excessiveness

In the trial court, the defendant did not claim that the court failed to follow the Felony Sentencing Guidelines which were in effect at the time of the imposition of sentence, although he makes that claim on appeal. LSA-C.Cr.P. Art. 894.1 and State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993), make mandatory the trial court’s “proper consideration” of the Felony Sentencing Guidelines. However, the trial court’s failure to do so is not reviewable on appeal in the absence of a motion to reconsider sentence under LSA-C.Cr.P. Art. 881.1, setting forth specific grounds for the motion. On appeal, this court may consider only those grounds raised in the motion to reconsider the sentence. Because the defendant failed to assert these claims in his motion to reconsider, he is relegated to having the appellate court consider his “bare claim of excessiveness.” State v. Mims, 619 So.2d 1059 (La.1993).
In the instant case, although we have serious doubts that the defendant has even asserted a “bare claim of exeessiveness,” Mims, supra, we have, nevertheless, reviewed the sentence for unconstitutional ex-cessiveness. We find that the sentence is not excessive. The defendant’s argument to the contrary is without merit.
A sentence is unconstitutionally excessive in violation of La. Const.1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lobato, supra; State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983). The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits. State v. Lobato, supra; State v. Eason, 624 So.2d 934 (La.App. 2d Cir.1993).
Under LSA-R.S. 40:967(B)(1), the statutory minimum sentence for distribution of cocaine is imprisonment for five years at hard labor. In the present case, the defendant, a first felony offender, was sentenced to serve six years at hard labor, a penalty only slightly more than the minimum, and was not ordered to pay a fine. The trial court did not chose to render a suspended sentence. However, a trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La. App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983).
When sentencing the defendant, the court found no mitigating factors. As aggravating factors, the court noted that, although a first felony offender, the defendant had an extensive criminal record involving driving offenses. The court also noted that the defen *751 dant had been convicted in 1989 for possession of marijuana. The court further noted that, prior to the trial for the present offense, the defendant had been charged with intimidating a witness that was to appear at the trial. This charge was still pending against the defendant at the time of sentencing.
The court found that the defendant had no respect for the law, posed an undue risk of harm and that if placed on probation, he would commit other offenses. The court found that a period of incarceration was required and that a lesser sentence than that actually imposed would deprecate the seriousness of the offense.
The court found that there were no substantial grounds tending to excuse or justify the defendant’s conduct and that the present offense was the result of circumstances likely to recur. The court did not believe the defendant would respond affirmatively to probationary treatment in light of his prior conduct.
Considering the defendant’s extensive misdemeanor criminal record, his previous violation of the controlled dangerous substances law, and his apparent efforts toward trying to intimidate a witness not to testify in this case, we find that the trial court did not abuse its discretion in the sentence imposed. The sentence was tailored to both the offender and the offense and does not shock our sense of justice. Accordingly, the sentence of six years at hard labor imposed upon the defendant is affirmed.

POST-CONVICTION RELIEF

LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows that the court failed to so inform the defendant. This fact has no bearing on whether the sentence is excessive and is not grounds to reverse or remand the case for resentencing. LSA-C.Cr.P. Art 921; State v. Stephens, 604 So.2d 203 (La.App. 2d Cir.1992). The trial court is instructed to send appropriate written notice to the defendant within ten days of the rendition of this opinion. The trial court is to file written proof in the record of the proceedings that the defendant received notice.

ASSIGNMENTS NOT ARGUED

In his assignments of error, the defendant raised questions regarding the jury voir dire and the photographic line up conducted prior to his arrest. He also alleged that the evidence submitted to the jury was insufficient to support a verdict of guilty beyond a reasonable doubt. These assignments of error were not briefed by the defendant and are therefore considered to be abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989). We have, however, reviewed the record for error patent, and find none.

CONCLUSION

For the reasons stated above, we affirm the defendant’s conviction and sentence for distribution of cocaine. Notice of LSA-C.Cr.P. Art 930.8 shall be given the defendant in accordance with this opinion.
AFFIRMED.