637 So.2d 629 (1994)
STATE of Louisiana
v.
Charles Michael ARMSTRONG.
No. 26031-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1994.
*630 Teat and Avery By Jimmy C. Teat, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Terry R. Reeves, Dist. Atty., Martin S. Sanders, Asst. Dist. Atty., Winnfield, for appellee.
Before SEXTON, BROWN and WILLIAMS, JJ.
PER CURIAM.
Pursuant to a plea bargain, defendant, charged with carnal knowledge of a juvenile, pled guilty to this offense in order to avoid being prosecuted as an habitual offender. He was subsequently sentenced to ten years at hard labor. The trial court denied defendant's motion to reconsider the sentence. Defendant now appeals, asserting that the ten-year sentence is excessive. We affirm.
Defendant, a 36-year-old man, was charged with carnal knowledge of his 12-year-old stepdaughter pursuant La.R.S. 14:80. Defendant had two prior felony convictions of an unrelated nature. In order to avoid being charged as an habitual offender, which could double the maximum ten-year sentence he might receive if found guilty of the instant charge, defendant agreed with the state to enter a guilty plea to that charge.
At the plea hearing, the defendant admitted to engaging in at least one instance of vaginal intercourse with the child. The district court advised the defendant that, although a presentence investigation would be received and reviewed before the defendant was sentenced, the defendant would receive the maximum ten-year sentence. The defendant specifically affirmed his understanding that he would receive a ten-year sentence and indicated his continued desire to plead guilty.
The defendant now appeals, asserting that the court erred in sentencing him to ten years at hard labor, which defendant asserts is excessive and contrary to the Louisiana Sentencing Guidelines. Under the guidelines, a six-year sentence is appropriate in the "typical" case.
LSA-C.Cr.P. art. 881.2A(1) states, in pertinent part, that a "defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence." In this instance, the defendant asserted no grounds for the claim of excessive sentence in his motion to reconsider the sentence. Hence, we are required only to consider the bare claim of excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); see also LSA-C.Cr.P. art. 881.1 D.
Nevertheless, in this instance, we need not consider whether the district court's departure from the sentencing guidelines resulted in an excessive sentence. The defendant entered his guilty plea knowing that the court was going to give him a ten-year sentence. LSA-C.Cr.P. art. 881.2A(2) states that a defendant cannot appeal or seek review *631 of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. At the very least, the ten years here is an agreed-to "cap," which is likewise not subject to review. State v. Brooks, 614 So.2d 788 (La.App. 2d Cir.), writ denied, 619 So.2d 577 (La.1993).
Moreover, we observe that the instant sentence, considering the circumstances of the offense and the defendant's criminal record, is not constitutionally excessive. The sentence is not grossly disproportionate to the seriousness of the offense and is not a purposeless and needless infliction of pain and suffering on the defendant. The defendant's sentence is affirmed.
AFFIRMED.