669 So.2d 646 (1996)
STATE of Louisiana, Appellee,
v.
Raymond FLORES, Appellant.
No. 27736-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
*648 Stephen A. Glassell, Shreveport, for appellant.
Richard Ieyoub, Attorney General, Robert L. Odinet, Asst. Attorney General, Baton Rouge, Don Burkett, District Attorney, Mansfield, Charles B. Adams, Mansfield, for appellee.
Before SEXTON, GASKINS and CLARK, JJ.
GASKINS, Judge.
The defendant, Raymond Flores, appeals his conviction and sentence for aggravated incest, a violation of La.R.S. 14:78.1. The defendant, who entered a plea of guilty to the charge, argues that the statute is unconstitutional and fails to charge a valid offense. He also argues that the sentence imposed, fifteen years at hard labor, is excessive. For the following reasons, we affirm.

FACTS
The victim of this offensive is the step-daughter of the defendant, whom he legally adopted. The prosecution charged that, when the child was approximately eight years old, the defendant began a pattern of sexual conduct which initially consisted of fondling the child's genitals. The defendant's conduct later escalated to digital insertion and then sexual intercourse by the time the child was ten years old. In 1994, when the child was approximately 14 years old, this behavior became known to the victim's mother and others and the defendant was arrested. The defendant admits only that he engaged in sexual intercourse with the child after June 10, 1993, the effective date of the aggravated incest statute. He denies that the abuse was as extensive as alleged by the prosecution.
On July 7, 1994, the defendant was charged by bill of information with aggravated incest. On September 12, 1994, the defendant entered a plea of guilty to this offense. The defendant was sentenced on January 5, 1995, following a sentencing hearing. The trial court sentenced the defendant to serve fifteen years at hard labor. The defendant filed a motion to reconsider the sentence which was denied by the trial court. The defendant appealed.

VALIDITY OF STATUTE
On appeal, the defendant attacks the constitutionality of the aggravated incest statute. The defendant argues that the offense is not punishable under a valid statute. He asserts that the statute provides a vague and ambiguous definition of aggravated incest and "adds a broader palate of acts than the incest statute, which only includes sexual intercourse as a prohibited act." The defendant argues that every act made illegal by the aggravated incest statute is also proscribed by other statutes, however the present statute carries a more severe penalty. The defendant complains that this overlap of statutes allows the prosecution to choose among applicable offenses in charging a defendant. Based upon these factors, the defendant asserts that La.R.S. 14:78.1 is invalid. These arguments are without merit.
The defendant has raised the constitutionality of the statute for the first time on appeal. Ordinarily, a defendant is not entitled on appeal to complain of errors not raised below. La.C.Cr.P. Art. 841; State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir. *649 1992). However, the Louisiana Supreme Court has consistently held that the facial unconstitutionally of a statute on which a conviction is based is an error discoverable by the mere inspection of the pleadings and proceedings, without inspection of the evidence. This issue is subject to appellate review under La.C.Cr.P. Art. 920, even though the defendant did not raise the issue in the trial court and did not comply with the assignment of error procedure in La.C.Cr.P. Art. 844 or with the contemporaneous objection rule of La.C.Cr.P. Art. 841. State v. Hoofkin, 596 So.2d 536 (La.1992); State v. Stewart, 325 So.2d 828 (La.1976), cert. denied 425 U.S. 997, 96 S.Ct. 2213, 48 L.Ed.2d 822 (1976). Also, the defendant is entitled to raise this issue, even though he entered a plea of guilty. State v. Crosby, 338 So.2d 584 (La.1976).
Statutes are presumed to be valid; whenever possible, the constitutionality of a statute should be upheld. State v. Gamberella, 633 So.2d 595 (La.App. 1st Cir1993), writ denied 94-0200 (La. 6/24/94), 640 So.2d 1341. Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. Attacks on the constitutionality of a statute may be made by two methods. The statute itself can be challenged, or the state's application to a particular defendant can be the basis of the attack. Constitutional challenges may be based upon vagueness. State v. Gamberella, supra; State v. Walker, 26,026 (La.App. 2d Cir. 5/4/94), 637 So.2d 583, writ denied 94-1369 (La. 9/30/94), 642 So.2d 868.
In entering his plea of guilty to the charge of aggravated incest, the defendant admitted having sexual intercourse with the victim whom he knew to be his adoptive daughter and who was under the age of eighteen. Therefore, the defendant seems to argue that the statute is unconstitutional on its face and not as applied to him. To challenge a legislative act as unconstitutional on its face is the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the act would be valid. State v. Brown, 94-1290 (La. 1/17/95), 648 So.2d 872.
A statute with criminal sanctions is unconstitutional if it is vague. State v. Farris, 412 So.2d 1039 (La.1982). A criminal statute is unconstitutionally vague if its meaning is not clear to the average citizen and policeman. Due process requires that the public have notice of what conduct is proscribed. State v. Stilley, 416 So.2d 928 (La.1982).
The constitutional guarantee that an accused be informed of the nature and cause of the accusation against him requires that a penal statute describe unlawful conduct with sufficient clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Farris, supra. In determining the meaning of a statute and hence its constitutionality, penal statutes must be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. State v. Gamberella, supra; State v. Azar, 539 So.2d 1222 (La. 1989), cert. denied 493 So.2d 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989).
La.R.S. 14:78.1 provides in pertinent part:
A. Aggravated incest is the engaging in any prohibited act enumerated in Subsection B with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew, or niece.
B. The following are prohibited acts under this Section:
(1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
(2) Any lewd fondling or touching of the person of either the child or the offender, *650 done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.
The state must prove several elements to establish the offense of aggravated incest. First, the state must show that the victim was under 18 years of age. This is not a vague or ambiguous standard. Second, the state must show that the offender knew that the victim was related to him within the specified degrees. The statute enumerates a clear list of relatives who may be victims of the offense and specifies that the offender must be aware of his relationship to the victim. Finally, the state must prove that the defendant has engaged in one of the prohibited acts with the victim.
The acts proscribed in La.R.S. 14:78.1(B)(1) are plainly set forth. The term "sexual intercourse" is a term of common and generally accepted meaning sufficient to give adequate warning of the proscribed conduct. State v. Prestridge, 399 So.2d 564 (La.1981). Statutes proscribing the other acts described in the aggravated incest statute have withstood constitutional scrutiny.[1] Further, nothing in the statutes punishing sexual battery (La.R.S. 14:43.1), aggravated sexual battery (La.R.S. 14:43.2), cruelty to juveniles (La.R.S. 14:93) or parent enticing a child into prostitution (generally, La.R.S. 14:82.1(A)(2)) is so vague as to render them unconstitutional. Finally, the "catch-all" provision in La. R.S. 14:78.1(B)(1) includes involvement of a child in all other acts defined as sexually related crimes defined by the laws of this state. This is hardly a vague reference, as those crimes are described in the Louisiana Criminal Code.
La.R.S. 14:78.1(B)(2) of the aggravated incest statute is also not vague. It is a general prohibition against lewd fondling or touching with the intent of arousing sexual desires of the child or the relative. The courts of this state have consistently rejected vagueness challenges to the word, "lewd" as well as to the phrase "with the intent of arousing sexual desires." State v. Holstead, 354 So.2d 493 (La.1977); State v. Free, 26,267 (La.App. 2d Cir. 09/21/94), 643 So.2d 767, writ denied 94-2846 (La. 03/10/95), 650 So.2d 1175; State v. Walters, 440 So.2d 115 (La. 1983).
In sum, La.R.S. 14:78.1 clearly describes the exclusive classes of offenders and victims and plainly states the conduct which is proscribed. This statute describes the unlawful conduct with sufficient particularity and clarity that ordinary persons of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. Accordingly, the defendant's challenge that the statute is unconstitutionally vague is without merit.
The defendant also argues in connection with his constitutional attack for vagueness that La.R.S. 14:78.1 is invalid because it punishes acts made criminal elsewhere in the Louisiana Criminal Code and grants prosecutorial discretion in choosing among various offenses in charging a defendant. The defendant contends that every act made illegal by the aggravated incest statute is also proscribed by other statutes, but the present statute carries a more severe penalty and gives the state a choice among several statutes in charging the defendant. The fact that the same acts may be punishable under more than one criminal statute does not render the statute unconstitutional. When conduct is made criminal under several statutes, La.R.S. 14:4 provides:
Prosecution may proceed under either provision, in the discretion of the district attorney, whenever the offender's conduct is:
(1) Criminal according to a general article of this Code or Section of this Chapter of the Revised Statutes and also according to a special article of this Code or Section of this Chapter of the Revised Statutes; or

*651 (2) Criminal according to an article of the Code or Section of this Chapter of the Revised Statutes and also according to some other provision of the Revised Statutes, some special statute, or some constitutional provision.
This statute, and the wide discretion given to district attorneys in prosecuting crimes, under La. Const. art. V, § 26 and La.C.Cr.P. Art. 61, means that, absent some unusual prejudice or special circumstance, an offender may be punished under any statute which proscribes his conduct. See and compare State v. Neal, 500 So.2d 374 (La.1987); State v. Walters, 440 So.2d 115 (La.1983); State v. Raymo, 419 So.2d 858 (La.1982); State v. Valasquez, 376 So.2d 129 (La.1979); State v. Juluke, 374 So.2d 1259 (La.1979).
The defendant's conduct in this case is made criminal by several statutes including aggravated incest, incest, sexual battery, carnal knowledge of a juvenile, indecent behavior with a juvenile, and molestation of a juvenile. However, of all these crimes, aggravated incest most closely describes the defendant's conduct, because it alone includes the elements of relationship by adoption, the age of the victim, and sexual intercourse. The presence of these factors separates the acts constituting aggravated incest from the other listed crimes. Further, the public policy of protecting juvenile family members from adult relatives far outweighs any unfairness that might be caused by the increased penalty over the older crimes. The prosecution was entirely within its discretion in proceeding against the defendant under the aggravated incest statute.

SENTENCE
The defendant, who was sentenced to serve fifteen years at hard labor, raises several assignments of error, attacking his sentence. He argues that the trial court erred in failing to consider analogous offenses listed under the Louisiana Sentencing Guidelines and erred in failing to impose the minimum sentence required, as specified by the Louisiana Sentencing Guidelines.[2] He also argues that the trial court erred in making an upward departure from the Sentencing Guidelines in pronouncing his sentence. The defendant also contends that the trial court erred in failing to impose a probated sentence and that the sentence imposed was excessive. These arguments are without merit.

Louisiana Sentencing Guidelines
The defendant recognizes that aggravated incest is not included in the felonies enumerated in the Louisiana Sentencing Guidelines. However, he argues that the trial court erred in failing to consider the applicable penalties for analogous offenses under the Sentencing Guidelines in sentencing the defendant. Louisiana Sentencing Guidelines Section 101(C) provided:
The Guidelines do not apply to convictions for felony offenses for which no crime seriousness level has been determined. In such cases, the court may be guided by the guideline range for a ranked offense which the court determines to be analogous to the offense of conviction.
The statutory penalty for aggravated incest is a minimum of five years and a maximum of twenty years, with or without hard labor, and an optional fine of up to $50,000. The trial court noted that the Guidelines did not include aggravated incest, and therefore, contained no ranking of the seriousness level for that offense. The court also found that there were no analogous crimes to aggravated incest in the Guidelines. The defendant contends that the sentencing court erred in this determination and should have considered the suggested penalty ranges for incest and carnal knowledge of a juvenile. Under La.R.S. 14:78, the maximum penalty for incest is fifteen years at hard labor. Under La.R.S. 14:80, the maximum penalty for carnal knowledge of a juvenile is ten years at hard labor.
The Guidelines were not binding upon a sentencing court. They specified that a court "may" be guided by the offenses it *652 deems analogous to the offense of conviction. The decision to consider the Guidelines in this manner was left to the sound discretion of the sentencing court. Neither incest or carnal knowledge of a juvenile call for a minimum sentence as does aggravated incest. Further, the maximum sentences for these offenses, as set forth above, are significantly less than that for aggravated incest. Under the facts of this case, the sentencing court did not err in finding that, for sentencing purposes, no analogous offenses to aggravated incest were included in the Sentencing Guidelines. Further, the trial court acted well within its discretion in choosing not to apply Section 101(C) of the Louisiana Sentencing Guidelines in this case.
The defendant also argues that the sentencing court failed to apply Section 211 of the Louisiana Sentencing Guidelines which specified:
If an offender has been convicted of an offense for which a mandatory term of imprisonment must be imposed which exceeds the maximum duration provided in the designated sentence range for that offense, the court should impose the minimum sentence required by law to be served in the manner required by law unless aggravating circumstances justify imposition of a more severe sentence.
As noted above, the Louisiana Sentencing Guidelines do not include the offense of aggravated incest. Because the Guidelines do not apply to this unranked felony offense, Section 211 is also not applicable to this case. However, even if it had been applicable, the sentencing court found a number of aggravating circumstances in this case which would warrant imposition of more than the minimum sentence provided by statute.
The defendant argues that the trial court erred in making an upward departure from the Louisiana Sentencing Guidelines because any aggravating circumstances warranting an upward departure were offset by mitigating circumstances. This argument is without merit. As discussed above, the Louisiana Sentencing Guidelines do not apply in this case and therefore any discussion of an upward departure inapplicable and unnecessary.

Probation
The defendant argues that the trial court erred in failing to consider probation as an appropriate sentence. This argument is without merit.
The defendant argues that he should have received a probated sentence in this case because of several mitigating factors. He contends that he has undergone counseling, has made significant progress in rehabilitation and that he admitted his guilt and is genuinely remorseful. The defendant also gave up his parental rights to the victim. He further contends that he was employed and supporting his family and that he is not a risk to the community or to other young girls. These arguments were supported by therapeutic progress reports written by Brian Canfield and Dixie Richards, who had both counseled the defendant. Also, the defendant filed into the record numerous letters to the court by members of the community, vouching for the defendant's character and urging that the court exercise leniency in his sentencing.
A trial court is not required to render a suspended or probated sentence on a first felony conviction. The court may consider whatever factors and evidence it deems important in determining the best interest of the public and the defendant. La.C.Cr.P. Art. 893; State v. Jones, 601 So.2d 339 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1129 (La.1992); State v. Grant, 627 So.2d 747 (La.App. 2d Cir.1993); State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
The trial court's reasons for sentencing are illustrative and supportive of the decision not to grant the defendant a suspended or probated sentence. The court noted the ongoing nature of the crime and stated that it would be virtually impossible to calculate the number of counts of this offense that were committed by the defendant against the victim. The court also noted that the defendant had "taken away something from this child that she'll never be able to regain." Based upon these factors, the trial court did not err in finding that a probated or suspended sentence for the defendant would be inappropriate.

*653 Excessive Sentence
The defendant argues that his sentence to fifteen years at hard labor is excessive. This argument is without merit.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate when the crime and punishment, considered in light of the harm done to society, shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La. 1985); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, supra; State v. Madison, 535 So.2d 1024 (La. App. 2d Cir.1988).
In sentencing the defendant, the court noted that the defendant's criminal conduct with the victim continued over a long period of time. The victim briefly appeared at the defendant's sentencing hearing, but made no statement other than that contained in the presentence investigation in which she stated that the defendant had intercourse with her "regularly" after she was approximately thirteen years old.
The court also considered other evidence and testimony presented at the sentencing hearing. The pastor of the defendant's church stated that the defendant was sorry for his conduct and that he had not heard that the defendant had "bothered" any other young girl. The defendant made a brief statement and said that he never intended to harm his daughter, that he wasn't "even mad at her for doing what she has to do here" and that he wanted the opportunity to take care of his family.
In sentencing the defendant, the court stated that the defendant's actions caused permanent psychological damage to the child. The court noted that the defendant's actions were deliberate and calculated and that the defendant used his position as parent to seduce the child into an ongoing sexual relationship. The judge also noted that the defendant had led a "double life," putting "up a face" to the outside world which covered his "manipulative ... sadistic" side.
The present review of a sentence for aggravated incest is a case of first impression in Louisiana, making the review of excessiveness more difficult. However, a review of cases under the other child sex offense statutes where the excessiveness of sentences was considered is helpful in evaluating the sentence imposed in the present case.
In State v. Evans, 27,183 (La.App. 2 Cir. 9/27/95), 661 So.2d 600, this court upheld three consecutive maximum sentences of fifteen years at hard labor for a defendant convicted of incest. The defendant admitted having intercourse with his teenage daughter on at least 10 occasions. In State v. Evans, supra, the defendant had no prior felony convictions. See State v. Armstrong, 26,031 (La.App. 2d Cir. 05/04/94), 637 So.2d 629 (upheld maximum sentence for carnal knowledge, offender had two prior felony convictions and victim was twelve years old) and State v. Tolliver, 621 So.2d 17 (La.App. 2d Cir.1993) (upheld six years imprisonment for carnal knowledge, first felony offender, multiple acts).
Based upon the impact of the crime upon the victim and the duration of the defendant's conduct, the sentence imposed upon the defendant in this case is tailored to the offender and the offense and does not shock the sense of justice. The sentence of fifteen years at hard labor is not unconstitutionally excessive and is affirmed.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Raymond Flores.
AFFIRMED.
NOTES
[1] See State v. Miller, 95-77 (La.App. 3rd Cir. 08/30/95), 663 So.2d 107 [carnal knowledge, LSA-R.S. 14:80]; State v. Free, 26,267 (La.App. 2d Cir. 9/21/94), 643 So.2d 767, writ denied 94-2846 (La. 3/10/95), 650 So.2d 1175 [indecent behavior, LSA-R.S. 14:81]; State v. Cinel, 94-0942 (La. 11/30/94), 646 So.2d 309 [pornography involving juveniles upheld generallyLSA-R.S. 14:81.1]; State v. Moses, 615 So.2d 1030 (La. App. 1st. Cir.1993), writ denied 624 So.2d 1223 (La.1993) [molestation of a juvenile, LSA-R.S. 81.2]; State v. Baxley, 94-2982 (La. 05/22/95), 656 So.2d 973 [crime against naturesolicitation, LSA-R.S. 14:89(A)(2)].
[2] The Louisiana Sentencing Guidelines were repealed by Acts 1995, No. 942, which became effective August 15, 1995. The Guidelines were in effect at the time the defendant was sentenced. However, as will be discussed below, the Guidelines have no application to the present case.