hWILLIAMS, Judge.
The defendant, Jeffrey Robert Whitt, was charged by bill of information with two counts of aggravated incest, violations of LSA-R.S. 14:78.1. The defendant pled guilty to both counts, and under State v. Crosby, 338 So.2d 584 (La.1976), reserved his right to appeal the denial of his motion to quash the bill of information.[1] The trial court sentenced the defendant to serve two concurrent sentences of ten years imprisonment at hard labor. The defendant appeals, urging that the trial court erred in denying his motion to quash. For the reasons assigned below, we affirm.
FACTS
On September 10, 1995, the defendant’s estranged wife, Marie Whitt, contacted law enforcement authorities and informed them that upon returning home from an overnight visit with the defendant, her four-year-old daughter told her that the defendant had placed his penis on the child’s vagina. The authorities confirmed this story with the child. A medical examination revealed that the child’s vaginal area was red, but that she had not been penetrated. As the investigation progressed, the defendant’s sixteen-year-old adopted sister told authorities that the defendant had also been having sexual intercourse with her for some time, beginning at approximately age eleven and continuing until about a week before the report of the incident involving defendant’s daughter.
Authorities brought the defendant in for questioning, and he made a lengthy statement. The defendant first denied remembering any of the events reported by the two victims. Later, defendant admitted to having sex with his sister and rubbing his penis on his daughter’s vagina without penetration.
Subsequently, the defendant was charged with two counts of aggravated 12incest. After the trial court denied defendant’s motion to quash, he pled guilty as charged. Defendant now appeals the denial of his motion to quash.
DISCUSSION
The defendant contends the trial court erred in denying his motion to quash. In support of his contention, defendant submits two arguments: (1) the statute is unconstitutionally vague because it does not include the element of consanguinity contained in the incest statute; (2) the statute is unconstitutionally vague and overly-broad, in violation of due process of law and equal protection of the law, because it fails to state any age for the offender, the minimum age of the offender or the difference in age between the offender and the victim as to sexual intercourse and aggravated sexual battery. These arguments lack merit.
Statutes are presumed to be valid and should be upheld whenever possible. State v. Flores, 27,736 (La.App.2d Cir. 2/28/96), 669 So.2d 646; State v. Gamberella, 633 So.2d 595 (La.App. 1st Cir.1993). Because a state statute is presumed constitutional, the party challenging the statute bears the burden of proving its uneonstitutionality. The constitutionality of a statute may be attacked by two methods. The statute itself can be challenged, or the state’s application of the statute to a particular defendant may be challenged. Constitutional challenges may be based upon vagueness. State v. Flores, supra; State v. Gamberella, supra.
Defendant attacks the constitutionality of the statute on its face, and not as it applies to his particular prosecution. This type of attack is most difficult to mount successfully, since the defendant must show that no set of circumstances exists under which the act would be valid. State v. Brown, 94-1290 (La.1/17/95), 648 So.2d 872; State v. Flores, supra.
A penal statute is unconstitutional if it is vague. State v. Flores, supra. A penal statute is unconstitutionally vague if its meaning is not clear to the average citizen *1077 and policeman. Due process requires that the public have notice of what | ..¡conduct is proscribed. State v. Flores, supra.
Defendant appears to argue that aggravated incest is an “enhanced penalty” for incest. As such, the failure of LSA-R.S. 14:78.1 to include consanguinity as an element of aggravated incest confuses the public as to whether, to support a conviction under Section 78.1, the relationship of the parties must be by consanguinity as provided in the incest statute, LSA-R.S. 14:78, or whether the parties’ relationship can be one of the non-consanguineous relationships outlined in LSA-R.S. 14:78.1. The incest statute, LSA-R.S. 14:78, provides in pertinent part:
§ 78. Incest
A. Incest is the marriage to, or sexual intercourse .with, any ascendant or descendant, brother or sister, uncle or niece, aunt or nephew, with knowledge of their relationship.
B. The relationship must be by consanguinity, but it is immaterial whether the parties to the act are legitimate or illegitimate or related to one another by whole or half blood....
LSA-R.S. 14:78.1 provides in pertinent part:
§ 78.1 Aggravated Incest
B. The following are prohibited under this Section:
(1) Sexual intercourse, sexual battery, aggravated sexual battery, carnal knowledge of a juvenile, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, cruelty to juveniles, parent enticing a child into prostitution, or any other involvement of a child in sexual activity constituting a crime under the laws of this state.
(2) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child, the offender, or both.
Clearly, the incest and the aggravated incest statutes are intended to protect a broad spectrum of important state interests. The incest statute proscribes only conduct that may lead to genetically deficient offspring. The aggravated incest statute punishes the sexual exploitation of minors by family members and prohibits Rsexual relationships between family members. Consanguinity is irrelevant to the prohibitions of the aggravated incest statute.
It can be further illustrated that aggravated incest is not an “enhanced penalty” for incest by looking at other statutes within our laws that are enhanced penalties. For example, battery is defined in LSA-R.S. 14:33, but the definition imposes no punishment. The highest degree of battery, aggravated battery, is defined as a battery committed with a dangerous weapon. LSA-R.S. 14:34. Obviously, to obtain a conviction for aggravated battery, the legislature intended for the state to prove each element included in LSA-R.S. 14:33, and in addition, prove that the offender used a dangerous weapon to commit the crime as required by LSA-R.S. 14:34. Other aggravated offenses do not share a definition, but instead refer to the least severely punishable offense for their elements. An example of this scheme is LSA-R.S. 14:89.1, aggravated crime against nature, which refers to the offense of crime against nature, which is defined in LSA-R.S. 14:89. An aggravated crime against nature is the “basic” offense as defined in LSA-R.S. 14:89 committed under the special circumstances outlined in LSA-,R.S. 14:78.1.
Aggravated incest and incest do not share a basic definition of “incest” for purposes of both LSA-R.S. 14:78 and 14:78.1. Similarly, the aggravated incest statute does not in any way refer to, include or incorporate the incest statute or the elements of the crime defined therein. The statutes are wholly self-contained, punishing acts plainly defined against persons clearly enumerated. Further, LSA-R.S. 14:78.1 includes relatives by adoption or marriage and relatives by blood. A person reading this section would know what conduct the statute prohibits and whom the statute prohibits from engaging in the conduct described. Because the statute adequately notifies the public of what conduct is prohibited, the statute is not unconstitutionally vague.
^Defendant also states that LSA-R.S. 14:78.1 is vague and over broad because it *1078 fails to consider the age of the offender or the difference in age between the offender and the victim. However, defendant has not demonstrated how the age of the offender or the difference in age between the offender and the victim is relevant to the prohibition of the conduct outlined in the statute. The victim’s age and the family relationship with the offender are the focus of the statute, in part because these elements help prevent the victims from escaping the prohibited conduct. The offender’s age and the difference in age between the victim and the offender are much less relevant to prohibiting an offender’s access to the victim or to thwarting the offender’s ability to hide the prohibited conduct from persons who might prevent it. We have determined that the public should know from a reading of the statute what conduct the statute prohibits and whom the statute prohibits from engaging in the described conduct. Thus, the statute is not vague for failure to state the age of the offender or the difference in age between the victim and the offender.
The principle of overbreadth applies only when an offender claims a constitutionally protected right as a defense. It is generally inappropriate to invalidate a statute on grounds of overbreadth when it affects conduct rather than speech, especially where the conduct at issue is harmful and controlled by criminal laws. State v. Brown, 94-1290 (La.1/17/95), 648 So.2d 872. The defendant has not asserted a constitutionally protected right as a defense to this prosecution. Further, LSA-R.S. 14:78.1 affects conduct and not speech. Therefore, the statute is not over broad and this argument lacks merit.
CONCLUSION
The trial court did not err in denying the defendant’s motion to quash. The defendant’s convictions and sentences are affirmed.
AFFIRMED.

. The defendant filed a pleading entitled “Motion to Quash Unconstitutional Aggravated Incest Statute.” Under Louisiana law, the proper procedure to attack the constitutionality of a penal statute is to file a motion to quash the grand jury indictment or bill of information pursuant to LSA-C.Cr.P. Art. 531.