WILLIAMS, J.
hThe defendant, Seth Allen Foster, was charged by bill of information with computer-aided solicitation of a minor, in violation of LSA-R.S. 14:81.3. Following a jury trial, the defendant was found guilty of attempted computer-aided solicitation of *471 a minor (LSA-R.S. 14:27 and 14:81.3). The trial court sentenced defendant to serve 18 months at hard labor without the benefit of parole, probation or suspension of sentence. The defendant appeals his conviction and sentence. For the following reasons, we affirm.
FACTS
In January 2007, the defendant was charged with computer-aided solicitation of a minor. Defendant filed a motion to quash on the grounds that LSA-R.S. 14:81.3 was unconstitutionally overbroad, vague and violated his due process rights. After a hearing, the trial court denied the motion to quash.
On October 13, 2009, prior to the jury trial, the court conducted a hearing and determined that defendant’s statement to police following his arrest was admissible. At trial, the state presented the testimony of Matthew Wright, an agent who investigates cyber crimes and commercial fraud cases with the Department of Homeland Security. Agent Wright was accepted as an expert in computer and cellular phone forensics and undercover internet operations. Agent Wright explained that as part of his former job with the Northwest Louisiana Internet Crimes Against Children Task Force, he entered online chat rooms available in Louisiana and posed as an underage child. Agent Wright explained that Yahoo, the internet provider, recommended that persons entering its chat rooms be at least age 18, but did |2not require verification of a person’s age.
On November 21, 2006, Agent Wright signed onto a Yahoo profile with the screen name “liltaraleel2,” posing as a 13-year-old girl from Bossier City. Agent Wright encountered the defendant, who was using the screen name “turkeyleg30.” Defendant sent an instant message asking “liltaralee” her age. Wright answered “thirteen and you?” Defendant responded “that’s a little young, lol [laughing out loud]” and said he was 24 years old. Defendant then asked why the girl was home from school and liltaralee replied that school was out for Thanksgiving break. Liltaralee said that she attended Green-acres Middle School in Bossier City.
In response to defendant’s request for photos of liltaralee, Wright sent him three images of a teenage girl. After viewing the photos, defendant said that he was “in the mood,” and that liltaralee would have to come up with a topic for conversation because “I only want to talk about sex.” Agent Wright responded, “I just don’t know how to talk about sex.” Defendant asked liltaralee what she wanted to know about sex and followed up by asking whether she had ever “done anything with a guy.” Agent Wright responded, “yeah, kissed and stuff.” Defendant asked what “stuff’ meant and Agent Wright said “like messed around.” Defendant asked liltara-lee if she had a cell phone so he could text her later. Agent Wright responded by asking for defendant’s cell phone number, which he provided. Defendant told liltara-lee to send him a text before 1:00 p.m. because he had to go to work.
Wright retrieved a cell phone from the Bossier City Marshall’s Office |sand sent a text message to defendant. Wright testified that he was unable to obtain all of the text messages from the phones, but read the recovered messages at trial. Wright stated that defendant sent a text asking if liltaralee had a camera phone because he “was ... thinking bad stuff’ and “wanted to see naked pictures” of liltaralee. Defendant then asked if liltaralee looked good naked and whether she had ever experienced an orgasm before. Wright, responding as liltaralee, stated “I don’t think I have,” to which defendant replied, “[h]mm, makes me want to give you one.” *472 Defendant continued texting sex-related questions, asking if liltaralee had ever tried to give herself an orgasm, whether she had hair “down there” or shaved, and whether she was wearing underwear while texting him.
Wright testified that the following day he sent additional text messages posing as liltaralee to defendant. During the conversation, the defendant indicated that he was interested in coming to visit liltaralee, but thought that it might be a setup. When liltaralee expressed a fear of getting pregnant, defendant explained that she would not get pregnant because he would “pull out.” Wright tried to schedule a meeting for 4:00 p.m., but defendant never showed up. Police then identified defendant through his cell phone number and arrested him at his place of employment.
Prior to making a statement to police, the defendant signed a waiver of his Miranda rights. Agent Wright testified that defendant admitted he was the individual who had been communicating with liltara-lee via text messages and Yahoo instant messages. He also gave police permission to search his cell phone and computer. When asked whether he believed he |4had been speaking to a 13-year-old girl, defendant said that he thought the other person might have been his friend playing a prank or a police officer.
The state also called Scott Tucker, a detective with the Webster Parish Sheriffs Office, as a witness. Detective Tucker testified that he assisted Agent Wright in arresting the defendant, who was 24 years old at the time. Detective Tucker stated that he obtained defendant’s birth date by viewing his driver’s license. On cross-examination, Detective Tucker admitted that he had not made a copy of defendant’s driver’s license and that he was not sure where defendant’s date of birth was written. However, Detective Tucker testified he recalled that defendant had said he was 24 years old at the time of the arrest.
Subsequently, the jury found the defendant guilty of the lesser offense of attempted computer-aided solicitation of a minor. The trial court sentenced defendant to serve 18 months imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. The defendant’s motion to reconsider sentence was denied and this appeal followed.
DISCUSSION
The defendant contends the evidence presented was insufficient to convict him of attempted computer-aided solicitation of a minor. Defendant argues that the state failed to prove that he reasonably believed that he was communicating with a person who had not attained the age of 18 because of his statement to liltaralee that he believed their communication could be a “setup” and to police that he thought liltaralee might have been a friend of his playing a prank. Defendant further argues that the state failed to prove |Bhe was 18 at the time of the offense, as required by the statute, because no documentary evidence of his age was produced at trial.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921. The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When *473 the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Speed, 43,786 (La.App.2d Cir.1/14/09), 2 So.3d 582, writ denied, 2009-0372 (La.11/6/09), 21 So.3d 299. When a conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438; State v. Baker, 46,089 (La.App.2d Cir.3/2/11), 58 So.3d 571.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.2/13/08), 975 So.2d 753; State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35. The appellate court does not assess the credibility of witnesses or reweigh the evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a fact finder’s decision to accept or reject the testimony of a witness in whole or in part. State v. Shivers, 43,731 (La.App.2d Cir.12/3/08), 998 So.2d 877.
LSA-R.S. 14:81.3, at the time of the offense, provided in pertinent part:
A. Computer-aided solicitation of a minor is committed when a person eighteen years of age or older knowingly contacts or communicates, through the use of electronic textual communication, with a person who has not yet attained the age of eighteen or a person reasonably believed to have not yet attained the age of eighteen, for the purpose of or with the intent to persuade, induce, entice, or coerce the person to engage or participate in sexual conduct ..., or with the intent to engage or participate in sexual conduct in the presence of the person who has not yet attained the age of eighteen, or person reasonably believed to have not yet attained the age of eighteen.
The legislature has defined the term “sexual conduct” to include actual or simulated sexual intercourse, masturbation, lewd exhibition of the genitals or any lewd or lascivious act. LSA-R.S. 14:81.3(D). The Louisiana Supreme Court has broadly defined lewd or lascivious conduct as any act which is lustful, obscene, indecent or tends to deprave the morals with respect to sexual relations. State v. Jones, 2010-0762 (La.9/7/11), 74 So.3d 197.
Any person who, having a specific intent to commit a crime, does or 17omits an act for the purpose of accomplishing his object is guilty of an attempt to commit the offense intended and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose. Mere preparation to commit a crime shall not be sufficient to constitute an attempt. LSA-R.S. 14:27. Thus, specific intent to commit a crime is an element of an attempted offense and the state has the burden of proving the defendant’s specific intent to commit the charged crime. State v. Prine, 44,230 (La.App.2d Cir.5/20/09), 13 So.3d 758. The state must also prove that the offender committed or omitted an act for the purpose of accomplishing his object. The trier of fact must determine whether the defendant acted toward the commission of a crime by examining the totality of the circumstances. Jones, supra; Brine, supra.
Specific criminal intent is the state of mind that exists when the offender actively desired the proscribed criminal consequences to follow his act or failure to act. *474 Jones, supra. Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. LSA-R.S. 14:10(1); State v. Draughn, 2005-1825 (La.1/17/07), 950 So.2d 583, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). The determination of whether the requisite intent is present is a question for the trier of fact. State v. Huizar, 414 So.2d 741 (La.1982).
In this case, defendant was informed that liltaralee was a 13-year-old student on school break and was sent photographs depicting a girl of that age. Despite his expression of amusement (“lol”) about her age, defendant did not express disbelief that he was communicating with a young girl after | ¡¡receiving the photographs. Instead, defendant began talking about sexual matters with a person whom he believed to be 13 years old, asking about her sexual experience, whether she “looked good naked” and telling her that he wanted to give her an orgasm and that she should try masturbating. Based upon the evidence presented, the jury could have found that defendant had the specific intent to use electronic text communication to contact a person reasonably believed to be under age 18 to persuade her to participate in sexual conduct, which includes sexual intercourse or masturbation. In addition, the jury could have found that by telling liltaralee to send a text message to his cell phone number, enabling him to send a text expressing his wish to see nude photos of liltaralee, defendant committed an act for the purpose of accomplishing computer-aided solicitation of a minor.
In his appellate brief, the defendant contends the evidence failed to show he reasonably believed he was communicating with a minor and that he was 18 years old at the time of the offense. The logs of online instant messages and recovered text messages were introduced into evidence. The jury also heard the testimony of Agent Wright regarding the defendant’s expressed concerns about the true identity of liltaralee when the meeting arrangements apparently raised his suspicions. Contrary to defendant’s contention, the evidence presented, considered in the light most favorable to the prosecution, supports a finding that defendant reasonably believed he was communicating with a girl under the age of 18. Additionally, in one of his first messages, defendant stated that he was 24 years old.
Based upon this record, we conclude that the jury could reasonably | flhave found that the defendant possessed the requisite intent to commit computer-aided solicitation of a minor and committed an act to accomplish the crime. Consequently, the evidence presented was sufficient to support the conviction for attempted computer-aided solicitation of a minor. Thus, the assignment of error lacks merit.

Constitutionality of the Statute

The defendant contends the 2006 version of LSA-R.S. 14:81.3 is unconstitutional. Defendant argues that because 17 is the age of consent for sexual purposes in Louisiana, the statute is unconstitutionally overbroad in criminalizing electronic textual communication regarding sexual activity between an 18-year-old and a person who is 17 years old.
As previously stated, at the time of the offense in 2006, LSA-R.S. 14:81.3 prohibited an 18-year-old from using electronic text communication to contact a person reasonably believed to be under age 18 with the intent to persuade the person to participate in sexual conduct.[1] Statutes *475 are generally presumed to be constitutional and the party challenging the validity of the statute bears the burden of proving it is unconstitutional. State v. Hatton, 2007-2877 (La.7/1/08), 985 So.2d 709; State v. Fleury, 01-0871 (La.10/16/01), 799 So.2d 468; State v. Flores, 27,736 (La.App.2d Cir.2/28/96), 669 So.2d 646.
The right to free speech is subject to reasonable legislative regulation. New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); U.S. v. Williams, 553 U.S. 285, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). The United States Supreme Court has held that obscene speech — sexually explicit material that violates fundamental notions of decency — is not protected by the First Amendment. Offers to engage in illegal transactions are categorically excluded from First Amendment protection. Williams, supra; State v. Whitmore, 46,120 (La.App.2d Cir.3/2/11), 58 So.3d 583.
A state’s interest in safeguarding the physical and psychological well-being of a minor is compelling. The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance. Whitmore, supra; State v. Penton, 08-0551 (La.App. 1st Cir.10/31/08), 998 So.2d 184. Louisiana statutory law prohibits the solicitation of a child for sex. See LSA-R.S. 14:42(A)(4) and 14:27 (attempted aggravated rape of a child under age 13); LSA-R.S. 14:80(A)(1) and 14:27 (attempted felony carnal knowledge of a juvenile).
A statute is facially invalid on First Amendment grounds if it prohibits a substantial amount of protected speech. This doctrine seeks to strike a balance between competing social costs. In order to maintain an appropriate balance, the statute’s overbreadth must be substantial, not only in an absolute sense, but also relative to the statute’s plainly legitimate sweep. Invalidation for overbreadth is strong medicine that is not to be casually employed. Williams, supra; Whitmore, supra. The first step in overbreadth analysis is to construe the challenged statute to determine what speech is restricted. The second step is to ascertain whether the challenged |nstatute criminalizes a substantial amount of protected activity. Williams, supra; Whitmore, supra.
In the present case, the defendant has failed to meet his burden of rebutting the presumption that the 2006 version of LSA-R.S. 14:81.3 is constitutional. As this court pointed out in Whitmore, supra, Section 81.3 seeks to prohibit the online solicitation of minors for sex and such illegal transactions are excluded from First Amendment protection. In addition, the statute advances the state’s compelling interest in protecting children from sexual exploitation and abuse. The material which the defendant claims should be protected-electronic communication by persons 18 years of age or older, made to solicit sex from 17-year-olds-is not a broad category of speech, but is quite narrow in scope.
Based on the applicable law and the circumstances of this case, we find that there has been no showing that Section 81.3 is substantially overbroad. Consequently, we conclude that the statute is constitutional. This assignment of error lacks merit.

*476
Sentencing

The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that a lesser sentence is appropriate considering his background and the facts of the offense.
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. State v. Dillard, 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied 96-0836 (La.9/20/96), 679 So.2d 430. The penalty for attempted computer-aided solicitation of a minor is a fíne of not more than $5,000 and imprisonment at hard labor for not more than 5 years without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:81.3 and 14:27(D).
Prior to imposing sentence, the trial court reviewed a presentence investigation (PSI) report, which showed that defendant did not have a criminal history. The court considered the guidelines of Article 894.1, finding that this was a “very serious crime” and that a lesser sentence would deprecate the seriousness of the offense. The court was aware of defendant’s age, that he was a high school graduate and that he had been employed.
The record demonstrates that the trial court took cognizance of the sentencing factors set forth in Article 894.1, specifically noting that the 11sdefendant was a first offender. The 18-month sentence imposed was on the lower end of the statutory sentencing range for the offense of conviction.
Additionally, the sentence is not grossly out of proportion to the seriousness of the offense. The evidence showed that defendant believed he was communicating with a 13-year-old girl when discussing sexual matters in a lewd manner. The nature of the conversation was sexually explicit, extremely inappropriate and unsettling. There was no showing that the trial court abused its discretion in sentencing this defendant. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.
We have reviewed the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.
CARAWAY, J., dissents with written reasons.

. In 2008, LSA-R.S. 14:81.3 was amended to prohibit a person 17 years of age or older *475 from contacting, through the use of electronic textual communication, a person "who has not yet attained the age of seventeen where there is an age difference of greater than two years, or a person reasonably believed to have not yet attained the age of seventeen” with the intent to persuade the person to engage in sexual conduct.