VICTORY, J.
hThe adult male defendant in this case made a graphic sexual request of a teenage boy. The issue before us is whether defendant’s conduct is sufficient to constitute attempted indecent behavior with a juvenile. After reviewing the record and the applicable law, we find that, in the specific context of this crime, the request is an act committed “for the purpose of and tending directly toward the accomplishing of his object” such that the attempt statute, La. R.S. 14:27, is satisfied. Therefore, we reverse the judgment of the *199 court of appeal and reinstate the jury verdict finding defendant guilty of attempted indecent behavior with a juvenile in violation of La. R.S. 14:81(A)(1).
FACTS AND PROCEDURAL HISTORY
On August 30, 2007, the defendant, Todd Andrew Jones, the Assistant Chief of Police for the Town of LeCompte, was charged with two counts of forcible rape in violation of La. R.S. 14:42.1, and one count of indecent behavior with a juvenile in violation of La. R.S. 14:81 A(l). Counts One and Two alleged that defendant committed forcible rape upon M.L., a 15-year-old black male, on December 19, 2005 and January 17, 2006, and Count Three alleged that defendant committed indecent | gbehavior with a 15-year-old black male, J.D., on February 20, 2007. All three counts were tried together on March 17, 2009.
At trial, M.L. testified that defendant picked him up in his vehicle, drove him a short distance out of Alexandria, and forcibly raped him, both orally and anally. In support of this claim relative to Counts 1 and 2, E.L., who was nineteen at the time of trial, testified that when he was fifteen, he was involved in a romantic relationship with defendant and engaged in sexual relations with him. E.L. also had defendant’s name tattooed on his shoulder.
Relative to Count 3, J.D. testified that late in the evening on February 20, 2007, he was visiting his girlfriend, L.S., at her home in Alexandria. Defendant and L.S.’s uncle, Jerry Whatley, were sitting together in a bedroom of the home. Whatley is a transvestite who goes by the name of “Jal-eesa.” When J.D. came into the room, Whatley/Jaleesa asked J.D. to close the door and sit down on the bed. What-ley/Jaleesa then asked J.D. to show his hair, which J.D. and defendant both understood to mean his pubic hair, and J.D. refused and left the room. Sometime later, J.D. came back into the bedroom and asked defendant for a ride to the store, to which defendant replied “you can’t get something for nothing.” According to J.D., when he asked what defendant meant by that comment, defendant told J.D. he should put his penis in defendant’s mouth. J.D. became offended, left the room, and told L.S.’s mother what defendant had said. She told him to call his own mother, which he did, the police were summoned and defendant was taken into custody.
Defendant gave a written statement, which was admitted into evidence, as follows:
I, Todd Jones went to visit Jaleesa at his residence and was sitting in his bedroom with the door open and the family was about throughout the home. [J.D.] was in and out of the room we were in and Jaleesa stopped him and told him to sit down or lay down on the bed. He told him to |sclose the door behind him and come back and sit on the bed, [J.D.] did and again Jaleesa asked to see some hair. [J.D.] asked what for, there was no response, joking conversation exchanged with [J.D.] speaking of his penis and I stated I just wanted to see. He [J.D.] asked what you gonna do wit it if I show U [sic], I stated maybe put it in my face somewhere, and we all laughed and he walked out of the room. [J.D.] came back in and out several times, and he was talking and joking.
At trial, defendant testified that he made the statement to J.D. in a joking manner, that he did not get sexually aroused by making the statement, and it was not his intent to get J.D. sexually aroused. He testified that he had engaged with J.D. in “trash talk” before, but that he knew it was improper for an adult to ask a fifteen year old for oral sex. He *200 further testified that he was bisexual. Finally, he denied the allegations of rape relative to M.L. and the defense was able to point out inconsistencies in M.L.’s account of events leading to those charges.
The jury returned a verdict of not guilty on both counts of forcible rape. As to the count of indecent behavior with a juvenile, the jury returned a guilty verdict on the lesser included offense of attempted indecent behavior with a juvenile. The Third Circuit reversed, finding no evidence that defendant had committed any overt act towards J.D. which would constitute an attempt. State v. Jones, 09-937 (La.App. 3 Cir. 3/10/10), 32 So.3d 1084. We granted the State’s writ application to determine whether defendant’s statement to J.D. constituted an attempt to commit indecent behavior with a juvenile. State v. Jones, 10-762 (La.2/4/11), 56 So.3d 982.
DISCUSSION
When a defendant challenges a conviction for insufficiency of the evidence, we must determine whether “the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Young, 00-1437 (La.11/28/01), 800 So.2d 847, 851.
At the time of the alleged offense, La. R.S. 14:81(A) defined “indecent behavior with a juvenile” as follows:
A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
(1) Any lewd or lascivious act[1] upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child’s age shall not be a defense; or
(2) The transmission of an electronic textual communication or an electronic visual communication depicting lewd or lascivious conduct, text, or images to any person reasonably believed to be under the age of seventeen and reasonably believed to be at least two years younger than the offender. It shall not be a defense that the person who actually receives the transmission is not under the age of seventeen.[2]
The definition of criminal attempt is found in La. R.S. 14:27:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
*201 Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
| sIn interpreting these statutes to determine whether defendant’s actions constitute an attempt, “it is a well-recognized and long-established rule of statutory construction that a statute should be interpreted as a whole to effect the legislative intent and should be construed in such way to reconcile, if possible, apparent inconsistencies of ambiguities so that each part is given effect.” State v. Fussell, 06-2595 (La.1/16/08), 974 So.2d 1223, 1231 (citing State ex rel. A.M., 98-2752 (La.7/2/99), 739 So.2d 188, 190). Further, we have interpreted statutes dealing with sex crimes against children in light of the legislature’s “protectionist” goal when drafting these statutes considering that “juveniles have been ‘historically recognized as a special class of persons in need of protection ...’” Fussell, supra at 1234 (citing State v. Granier, 99-3511 (La.7/6/00), 765 So.2d 998, 100). In enacting La. R.S. 14:81(A), the legislature intended the statute “to apply to behavior which falls short of intercourse [when] carried on with young children.” State v. Interiano, supra at 15 (citing 1942 La. Acts 43 § 81 (Official Comment)). We have held that “the legislative history shows a compelling state interest in protecting children from the physical and psychological harm that can result from sexual acts committed ‘upon the person’ of the child and the psychological impact that having such acts committed in their presence may cause.” Id. at 15-16.
Defendant was convicted of attempt to violate La. R.S. 14:81(A)(1). Thus, the specific question here is whether the defendant’s conduct of asking the victim to put his penis in defendant’s mouth constitutes an attempt to commit a lewd and lascivious act upon the victim or in the presence of the victim.
To constitute an attempt, the State must first prove specific intent. “Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1); State v. Ordodi, 06-0207 (La.11/29/06), 946 So.2d 654, 661. Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. Ordodi supra at 661; State v. Weary, 03-3067 (La.4/24/06), 931 So.2d 297, 310, cert. denied, 549 U.S. 1062, 127 S.Ct. 682, 166 L.Ed.2d 531 (2006). The determination of whether specific intent exists is a fact question for the jury. Ordodi, supra at 661; State v. Legrand, 02-1462 (La.12/3/03), 864 So.2d 89, 96, cert. denied, 544 U.S. 947, 125 S.Ct. 1692, 161 L.Ed.2d 523 (2005).
While defendant testified that he made the request in jest and had no intent to arouse the victim or himself, clearly the jury rejected this testimony. In addition to defendant’s testimony, the jury also heard evidence that defendant was bisexual, that other teenage boys had alleged sexual misconduct by defendant, and that defendant made the statement while in the presence of a male transvestite who also made sexually suggestive and crudely inappropriate comments to the teenage victim. Considering this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could find the State proved beyond a reasonable doubt *202 that defendant had the requisite specific intent to commit a lewd and lascivious act upon the teenage victim.
The State must also prove defendant committed or omitted “ ‘an act for the purpose of and tending directly toward the accomplishing of his object,’ sometimes referred to as an ‘overt act.’ ” Ordodi, supra at 661. In Ordodi, we explained that the attempt statute makes a distinction between actions which are “mere preparation” and are not sufficient to constitute attempt, and acts which are committed for the purpose of and tending directly toward the accomplishing of the criminal object. Id. at 662. However, we noted that the distinction is not clearly defined and that actions which |7are mere preparation and those which constitute an overt act “exist on a continuum.” Id. Where a defendant’s actions fall on the continuum is a fact question for the trier of fact and is determined by evaluating the “the totality of the facts and circumstances presented by each case.” Id. (Citing State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442, 444; State v. Williams, 490 So.2d 255, 261 (La. 1986), cert. denied, 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 780 (1987)). The overt act need not be the ultimate step toward or the last possible act in the consummation of the crime attempted, and it is the intent to commit the crime, not the possibility of success, that determines whether the act or omission constitutes the crime of attempt. Smith, supra at 445. Further, a person may be found guilty of attempt as a responsive verdict even though the evidence shows he committed the actual crime charged. State v. Credeur, 328 So.2d 59, 61 (La.1976).
For the following reasons, we find that a rational trier of fact could have found beyond a reasonable doubt that defendant’s conduct constitutes attempt to commit indecent behavior with a juvenile. While a physical overt act is generally required to constitute an attempt for most crimes, that is not necessarily so in the context of La. R.S. 14:81(A). Significantly, the completed crime of indecent behavior with a juvenile is accomplished by the mere “transmission of an electronic textual communication or an electronic visual communication depicting lewd or lascivious conduct, text, or images to any person” reasonably believed to be under seventeen and at least two years younger than the offender. La. R.S. 14:81(A)(2). So, if defendant had texted his request to the juvenile in this case rather than stated his request right in front of him, he would have been guilty of the completed crime of indecent behavior with a juvenile. It would be an absurd construction of this statute to find that a defendant could be guilty of the completed crime if done over the internet or ^electronically, but would not even be guilty of attempt if he committed same exact act in the physical presence of the victim, where the juvenile is actually more vulnerable.
Second, as stated in Ordodi, the distinction between mere preparation and an overt act is not clear and it is up to the fact finder to determine where a defendant’s actions fall on the continuum by examining the totality of the facts and circumstances. In light of the atmosphere surrounding defendant’s request, and his specific intent to carry out this act had the victim acquiesced, it was not necessary for defendant to use force or commit any other acts in furtherance of the crime short of committing the actual crime itself. Wfiiether defendant successfully committed the underlying crime depended on the actions of the victim, i.e., if the victim had acquiesced defendant would have been guilty of indecent behavior with a juvenile. As we stated in Smith, an attempt was complete when “the nature of the act re *203 quested by defendant required compliance by [the victim], not action by the defendant.” 661 So.2d at 444. In making the factual determination of where defendant’s actions fell on the continuum between mere preparation and an overt act, the jury found that the defendant had committed actions sufficient to constitute an attempt. In reviewing the evidence and the totality of the facts and circumstances, we find that a rational jury could find beyond a reasonable doubt that defendant committed an act for the purpose of and tending directly toward the accomplishing of indecent behavior with a juvenile.
Third, attempt in the context of La. R.S. 14:81 must be viewed in light of the legislative intent of protecting children from sexual exploitation as a special class of persons needing extra protection. By making it a crime to electronically transmit a lewd or lascivious message to a person reasonably believed to be a juvenile with the intent of arousing or gratifying the sexual desires of the perpetrator or the juvenile, the legislature has expressed its intent to punish conduct that involves no more than |na communication. Punishing a request for oral sex with a juvenile in this case as an attempt to commit a lewd or lascivious act is consistent with the legislature’s “protectionist goal” with regard to juveniles. Further, reading La. R.S. 14:81(A)(1) in light of La. R.S. 14:81(A)(2) to reach this result is consistent with our mandate to interpret statutes “as a whole to effect the legislative intent” and to construe the statute “in such way as to reconcile ... apparent inconsistencies or ambiguities so that each part is given effect.” Fussell, supra at 1231.
Fourth, this interpretation would be consistent with our opinion in Smith, supra, where the defendant lay down on the bed and asked his child to “sit on his chest so he could suck [the boy’s] penis,” and this Court found this constituted attempt to commit indecent behavior with a juvenile. Here, the juvenile came into the bedroom where defendant was located, asked defendant for a ride to the store, and defendant told him he would do it if the juvenile put his penis in defendant’s mouth. There is no rational basis to find one of these requests to be attempted indecent behavior with a juvenile and the not the other. It is true that the request in Smith was made by the father of victim and the victim was younger than the victim in this case, which created an atmosphere whereby the child was subject to the authority of his father and not necessarily free to leave. However, here, the defendant was the Assistant Chief of Police of LeCompte, also an authoritative figure, and the request was made in the bedroom of a transvestite who was present and who also made lewd requests of the victim.
Finally, this case can be distinguished from State v. Baxley, 93-2159 (La.2/28/94), 633 So.2d 142, 155, where this Court held that a verbal request for oral sex did not constitute an attempt to commit a crime against nature in violation of La. R.S. 14:89(A)(2). At that time, La. R.S. 14:89(A)(2) made it a crime to solicit a person 1 mwith the intent to engage in any unnatural carnal copulation for money. In Baxley, the defendant approached an undercover police officer and offered to pay the officer $20.00 if he would allow the defendant to perform fellatio on him. The defendant argued that La. R.S. 14:89(A) was unconstitutional in its entirety and that he had standing to challenge its constitutionality because, even though no money changed hands, he could be found guilty of attempted crime against nature in violation of La. R.S. 14:89(A)(1) if the court found he merely discussed uncompensated oral sex with the undercover officer. La. R.S. 14:89(A)(1). At that time, La. R.S. 14:89(A)(1) made unnatural carnal copula *204 tion a crime against nature. This Court disagreed, finding that “mere discussion or solicitation without a financial aspect cannot constitute an attempt to engage in conduct prohibited by La. R.S. 14:89(A)(1).” 633 So.2d at 145. Baxley is distinguishable because it is based on attempt under La. R.S. 14:89, not 14:81. La. R.S. 14:81 is directed at the victimization of juveniles, whereas La. R.S. 14:89 deals with adults. Further, as stated earlier, this Court has defined “lewd and lascivious conduct” very broadly as any conduct which is “lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to the sexual impurity or incontinence carried on in a wanton manner.” See page 4, note 1, supra. Finally, La. R.S. 14:81 can be violated by a mere communication, whereas La. R.S. 14:89 cannot.
CONCLUSION
Reviewing the evidence in the light most favorable to the prosecution, we find that a rational jury could find beyond a reasonable doubt that defendant had the specific intent to commit a lewd and lascivious act upon the juvenile victim and committed an act for the purpose of and tending directly toward the accomplishing of this act. Where the defendant’s act fell upon the continuum between mere | preparation and an overt act was a question of fact for the trier of fact to be determined by evaluating the totality of the facts and circumstances of this particular case. Defendant was the Assistant Chief of Police, and made this sexual request to the teenage victim in the bedroom of and in the presence of a known transvestite who also made lurid sexual comments to the victim. If the victim had acquiesced in this intimidating environment, the crime would have completed. While most other crimes require an overt physical act in order for an attempt to occur, the completed crime of indecent behavior with a juvenile can be accomplished by the mere communication of lewd or lascivious conduct, text or images. In fact, this defendant would have been guilty of the completed crime had he made this request electronically. Further, to find this request for oral sex constitutes an attempt to commit indecent behavior with a juvenile is consistent with the legislative intent to protect children from sexual predators.
DECREE
For the reasons stated herein, we reverse the judgment of the court of appeal and reinstate the jury verdict.
REVERSED; JURY VERDICT REINSTATED.
KIMBALL, Chief Justice, dissents with reasons assigned by Justice KNOLL.
KNOLL, Justice, dissents with reasons.
WEIMER, Justice, dissents for the reasons assigned by KNOLL, Justice.

. This Court has previously defined "lewd and lascivious” in the context of La. R.S. 14:81(A) as an act which is "lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner.” State v. Interiano, 03-1760 (La.2/13/04), 868 So.2d 9, 15; State v. Holstead, 354 So.2d 493, 498 (La. 1977). Oral sex with a juvenile victim would meet this definition.

. Since the trial, the Legislature has broadened the scope of subsection (A)(2) to include not only electronic communications but also “any textual, visual, written, or oral communication depicting lewd and lascivious conduct, text, words, or images.”