WILLIAMS, J.
|TThe defendant, Trenton Williams, was charged by bill of information with simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. After a jury trial, the defendant was found guilty of the responsive verdict of attempted simple burglary of an inhabited dwelling (LSA-R.S. 14:27 and 14:62.2). The defendant’s motion for post-verdict judgment of acquittal was denied. The trial court sentenced defendant to serve the maximum sentence of six years at hard labor and denied defendant’s motion to reconsider sentence. The defendant appeals his conviction and sentence. For the following reasons, we affirm.
FACTS
At trial, Detective Allison Azlin of the Shreveport Police Department testified that on February 1, 2011, she had received a call from patrol officers working the scene of a burglary on Lone Oak Street in Shreveport. Detective Azlin stated that the officers informed her that Conway Thomas, the owner of the home, had reported finding two males inside his residence when he arrived home around noon. Thomas told police that he had seen the defendant, whom Thomas recognized as his cousin, and another man run out of the home. Detective Azlin testified that after Thomas noticed he was missing televisions and jewelry, he called the defendant’s mother, Ann Williams. According to Thomas’s statement, the defendant’s mother informed Thomas that she had asked her son to return the property. Detective Azlin stated that after being advised of his Miranda rights, the defendant admitted that he and Brandon Christaw had entered the house and had taken property; however, the defendant claimed that he did not know it |2was his cousin’s house until Thomas came home.
The victim, Conway Thomas, testified that on February 1, 2011, he returned home from work around noon and saw a car in his driveway that he did not recognize. Thomas stated that after entering his house by the front door, he noticed the back door was open and in the hallway he saw a man, who yelled “Trent,” and then ran out through the back door. Thomas testified that he then saw defendant run out of the house and leave in the car. Thomas stated he noticed that his televisions and jewelry were missing and called the police. Thomas testified that after he told defendant’s mother that defendant had taken his property, the defendant returned to his house a short time later with the televisions, but not the jewelry, and left again. Thomas stated that when defendant returned with the missing jewelry, he was arrested by the police. Thomas testified that the defendant had been to his house before, but that defendant did not have permission to enter the house when he was not home, or to remove any property from the house.
Corporal Sean Hurd of the Shreveport Police Department testified that he was *561 dispatched to the scene of a reported burglary. Hurd testified that according to the victim, upon entering his home, he found the back door open and inside were two men, one of whom was his cousin, the defendant. Hurd stated that after defendant’s arrest, he was given his Miranda warnings and told the officer that he had taken Christaw to the house, but remained in the driveway while Christaw removed property from the home.
Ann Williams testified that she had adopted the defendant when he was ten years old. Williams stated that in February 2011, she had received a [sphone call from Thomas, who told her that defendant had broken into his house and taken some of his property. She testified that she told defendant to return anything he had taken and that he returned two televisions and jewelry to the victim.
The defendant testified that on February 1, 2011, he agreed to drive Christaw to a residence and then waited while Chris-taw walked into the house through the back door, which was not locked, and carried a television and other property out to the car. Defendant stated that he saw Thomas drive up and enter the house through the front door, that he saw “somebody in the house wrestling, fighting,” and then Christaw ran out of the back door, jumped in the car, and told the defendant to drive. Defendant testified that he realized his cousin was the person who had entered the residence and that he was confused because he thought the house belonged to Christaw’s “people.” The defendant stated that he parked at a corner store and told Christaw that he could not take a TV because the property had to be returned. Defendant denied ever telling anyone that he went into the home, and testified that Detective Azlin made promises to him that his bond would be reduced.
The jury found defendant guilty of attempted burglary of an inhabited dwelling. The defendant’s motions for new trial and for post-verdict judgment of acquittal were denied. The trial court sentenced defendant to serve six years at hard labor, but did not specify that any portion of the sentence was to be served without the benefit of parole, probation, or suspension of sentence. Defendant’s motion to reconsider sentence was |4denied. This appeal followed.
DISCUSSION
The defendant contends the evidence presented was insufficient to convict him of attempted burglary of an inhabited dwelling. Defendant argues that because his testimony contradicted that of the victim and the police, the jury could not reasonably find that the elements of the crime were proven beyond a reasonable doubt.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.5/20/03), 851 So.2d 921. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App.2d Cir.2/13/08), 975 So.2d 753; State v. Burd, 40,480 (La.App.2d Cir.1/27/06), 921 So.2d 219, writ denied, 2006-1083 (La.11/9/06), 941 So.2d 35. The appellate court does not assess the credibility of witnesses or reweigh the evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a fact *562 finder’s decision to accept or reject the testimony of a witness in whole or in part. State v. Shivers, 43,731 (La.App.2d Cir.12/3/08), 998 So.2d 877.
Simple burglary of an inhabited home is the unauthorized entry into |Bany inhabited dwelling, house or apartment with the intent to commit a felony or any theft therein. LSA-R.S. 14:62.2. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of accomplishing his object is guilty of an attempt to commit the offense intended and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose. LSA-R.S. 14:27. The state has the burden of proving the defendant’s specific intent to commit the charged crime. State v. Prine, 44,230 (La.App.2d Cir.5/20/09), 13 So.3d 758. The state must also prove that the offender committed or omitted an act for the purpose of accomplishing his object. The trier of fact must determine whether the defendant acted toward the commission of a crime by examining the totality of the circumstances. State v. Jones, 2010-0762 (La.9/7/11), 74 So.3d 197; Prine, supra.
Specific criminal intent is the state of mind that exists when the offender actively desired the prescribed criminal consequences to follow his act or failure to act. Jones, supra. Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. LSA-R.S. 14:10(1); State v. Draughn, 2005-1825 (La.1/17/07), 950 So.2d 583, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007). The determination of whether the requisite intent is present is a question for the trier of fact. State v. Huizar, 414 So.2d 741 (La.1982).
In the present case, the victim testified that he walked into his home and found the defendant, his cousin, inside the house without permission, that items of value had been taken and that a short time later the defendant |fireturned the stolen property. Detective Azlin stated the defendant had admitted that he entered the victim’s house through the back door and removed property from the residence. Although there was conflicting testimony from the defendant himself, when determination of the truth is based on the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. The jury assessed the credibility of the witnesses and found the testimony of the victim and the detective more credible than that of the defendant.
Based on the evidence presented at trial, the jury could reasonably conclude beyond a reasonable doubt that the defendant had entered the residence without permission and performed an act with the specific intent to commit a theft inside. Consequently, the evidence was sufficient to support the defendant’s conviction for attempted simple burglary of an inhabited dwelling. Thus, the assignment of error lacks merit.

Sentencing

The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that a lesser sentence is appropriate because he is a first-felony offender without a criminal history.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 *563 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. As a general rule, maximum sentences are reserved for the worst kind of offender. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802.
The penalty for a conviction of attempted simple burglary of an inhabited dwelling is imprisonment at hard labor for not more than six |8years. LSA-R.S. 14:62.2 and 14:27(D)(3).
Prior to imposing sentence, the trial court reviewed the facts of the case and found that the elements of the charged offense were proven by the evidence presented at trial. The court noted that the jury had already reduced the defendant’s potential sentencing exposure by finding him guilty of the attempted crime rather than the actual offense of burglary of an inhabited dwelling. In considering the guidelines of Article 894.1, the court found that given the “very brazen” nature of the defendant’s act of taking his relative’s property, there was an undue risk that defendant would commit another crime if placed on probation. Additionally, the court stated that the defendant’s refusal to accept responsibility for his part in the crime indicated that he was in need of correctional treatment.
The record demonstrates that the trial court took cognizance of the sentencing guidelines and tailored the sentence to this specific defendant. Accordingly, the trial court did not abuse its discretion in imposing the maximum sentence, which is harsh, but not grossly disproportionate to the seriousness of the offense committed. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.