STATE OF LOUISIANA      *      NO. 2025-KA-0105

VERSUS      *

     COURT OF APPEAL

JIMMIE DIXON, JR.      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 551-347, SECTION "L"
Judge Angel Harris,
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase)


Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
Zachary M. Phillips
ASSISTANT DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/APPELLEE


Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

     COUNSEL FOR DEFENDANT/APPELLANT

         **CONVICTIONS AND
         SENTENCES AFFIRMED
         DECEMBER 10, 2025**

Jimmie Dixon, Jr. (hereinafter "Defendant") appeals his conviction and sentences for indecent behavior with a juvenile and sexual battery. After consideration of the record before this Court, and the applicable law, we affirm Defendant's convictions and sentences for indecent behavior with a juvenile and sexual battery.

## Facts Procedural History

In 2018, T.T. was an eighth-grade student at a school where Defendant was employed as the janitor.[1] Defendant's role at the school also included mentoring troubled students. In May 2018, T.T.'s mother dropped him off at Defendant's residence for a visit, at which other young boys were also supposed to be present. After T.T. did not answer his mother's phone calls, she returned to Defendant's residence to retrieve T.T. Upon her return, she discovered that no other children were present. She retrieved T.T. and they left Defendant's residence.

In 2020, T.T.'s mother contacted the New Orleans Police Department and reported that her son recently divulged that he was molested in 2018 by Defendant.

---

[1] In accordance with La. R.S. 46:1844(W)(1)(a), to keep confidential the identity of the person who was a minor at the time of the offense, initials have been used in place of a name.

After an investigation, Defendant was charged by bill of indictment with one count of indecent behavior with a juvenile, pursuant to La. R.S. 14:81, and one count of sexual battery, pursuant to La. R.S. 14:43.1. Defendant was arraigned and pled not guilty to both counts. A two-day jury trial commenced, at the conclusion of which the jury unanimously found Defendant guilty as charged on both counts.[2]

Defendant subsequently filed a motion for judgment notwithstanding the verdict, which the district court denied. The district court sentenced Defendant to seven years, at hard labor, for the indecent behavior with a juvenile conviction and ten years, at hard labor, for the sexual battery conviction—each count to run concurrently. This appeal followed.

### Relevant Trial Testimony

The following testimony was adduced at Defendant's trial:

***Victim's Mother***

T.T.'s mother testified that when she and T.T. arrived at Defendant's residence, no other children were present and Defendant advised that the other young boys were en route. She told T.T. to call her if no other children arrived. Upon arriving at her next destination, she attempted to call T.T. numerous times to no avail. Since he was not answering his phone, she returned to Defendant's residence where she observed T.T. and Defendant walking down the street, holding hands, returning from getting food. She testified that she was angry about the situation and ordered T.T. to get in the car. She stated that T.T.'s behavior significantly changed after this day and a couple of years later he ran away from home. She testified that once she located him, T.T. told her about an incident with Defendant. T.T. told her that Defendant played pornographic material on the

---

[2] Defendant's trial consisted of a six-person jury.

2

television, undressed and began to masturbate in front of him. T.T. said that the Defendant coerced him into undressing and also masturbating. She testified that T.T. told her that Defendant placed T.T.'s hand on his penis and that Defendant placed his hand on T.T.'s penis. After ejaculating, Defendant went to the restroom and the two left his house to get food.[3]

### *T.T.*

T.T. testified that he was an eighth grader in 2018 and attended the school where Defendant was employed as a janitor. When children would exhibit disciplinary problems, the school would have them work alongside Defendant and complete janitorial duties. T.T. testified that Defendant asked him to obtain permission from his mother to visit Defendant at his residence. T.T. was under the impression other young boys would be at Defendant's residence but, upon arrival, no other children were present. After being dropped off, T.T.'s mother advised him to call her if no other children arrived. T.T. stated that Defendant mirrored pornographic material from his cellular phone onto the television, began to masturbate and coerced T.T. to do the same. T.T. further testified that Defendant placed T.T.'s hand on Defendant's penis, placed Defendant's hand on T.T.'s penis and ejaculated. T.T. and Defendant then left the house and walked to get Chinese food. Upon their return, he saw his mother's car, went back into the residence to obtain his cellular phone and left. T.T. testified that, approximately two years later, he saw Defendant at a school alumni picnic. Defendant inquired as to whether T.T.

---

[3] In his brief to this Court, Defendant references a pending civil lawsuit against himself and the Orleans Parish School Board, filed by T.T. and his mother. At trial, both T.T. and his mother acknowledged participating in a deposition regarding a separate related case. While defense counsel did not attempt to introduce the deposition testimony or proffer it for review, he was allowed to question T.T. and his mother about any inconsistencies between their trial and deposition testimony.

told anyone about the incident and asked T.T. why he had not maintained contact. In 2020, T.T. reported the incident to his mother, after running away from home, and later provided a statement to the police after they were contacted by his mother. T.T. conducted an interview with the New Orleans Advocacy Center detailing the incident.

### Maria Isabella Pontoriero

Maria Isabella Pontoriero (hereinafter "Ms. Pontoriero"), formerly employed with the New Orleans Children's Advocacy Center, was qualified as an expert in conducting forensic interviews. Ms. Pontoriero explained that it was not the purpose of her interview to determine whether T.T. was truthful about the allegations. She testified that forensic interviews are conducted with a victim in order to obtain information for investigation purposes. Ms. Pontoriero explained that delayed disclosure about abuse is common and asserted that T.T.'s statements were consistent with a child being groomed by an adult. She noted that, during the interview, T.T. recounted several different instances of abuse by different people, which occurs when a victim recounts a present allegation of abuse. The jury watched the video of T.T.'s interview with Ms. Pontoriero.

### Defendant

Defendant testified that he knew T.T. from the school where he was employed as a janitor. He stated that his residence was near the school and students would visit his home after school for snacks. Defendant denied the allegations asserted by T.T. and stated that they listened to the radio and talked for a while, after which they walked to get Chinese food. Defendant denied telling T.T.'s mother that other boys would be present on the day she dropped T.T. off at his

4

residence. He testified that he kept in contact with T.T. for approximately one year after the day T.T. was at his residence.

## Discussion

Defendant asserts three assignments of error:

1. The State failed to prove the defendant was guilty of indecent behavior with a juvenile and sexual battery beyond a reasonable doubt;

2. The district court erred in prohibiting the defense from using impeachment, res gestae and other non-hearsay evidence, including direct testimony, text messages and a stay away order, and curtailing cross-examination, all in violation of the constitutional right to present a defense;

3. The district court erred in imposing the excessive maximum sentences on the first-time offender. [4]

We will discuss each argument under its relevant topic.

### *Sufficiency of the Evidence*

In his first assignment of error, Defendant contends the evidence presented was insufficient to support his convictions. The State charged Defendant with indecent behavior with a juvenile, a violation of La. R.S. 14:81, and sexual battery, a violation of La. R.S. 14:43.1.

La. R.S. 14:81 provides, in pertinent part,

A. Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:

(1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense.

La. R.S. 14:81(A)(1). Thus, to support a conviction for indecent behavior of a juvenile, "the State must prove three elements, namely (1) an age difference of

---

[4] While not listed as an assignment error, Defendant also asserts an ineffective assistance of counsel at sentencing claim in his argument regarding excessive sentencing.

more than two years between the defendant and the victim, who was not yet seventeen; (2) the defendant committed a lewd or lascivious act upon the person or in the presence of a child; and (3) the defendant intended to arouse or gratify either his own or the victim's sexual desires." *State v. Robinson*, 2021-0254, pp. 25-26 (La.App. 4 Cir. 2/18/22), 336 So.3d 567, 582 (citations omitted). Our Supreme Court has defined "'lewd [or] lascivious conduct" in the context of La. R.S. 14:81(A) as an act which is 'lustful, obscene, indecent, tending to deprave the morals in respect to sexual relations, and relating to the sexual impurity or incontinence carried on in a wanton manner.'" *State v. Jones*, 2010-0762, p. 4, n. 1 (La. 9/7/11), 74 So.3d 197, 200 (quoting *State v. Interiano*, 2003-1760 (La. 2/13/04), 868 So.2d 9, 15) (citation omitted).

> La. R.S. 14.43.1 defines sexual battery, in pertinent part, as follows:
>
> [T]he intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, directly or through clothing, when any of the following occur:
>
> ***
>
> (2) The victim has not yet attained fifteen years of age and is at least three years younger than the offender.

La. R.S. 14:43.1(A)(2). Thus, to support a conviction of sexual battery, the State is required to prove the following beyond a reasonable doubt: (1) In May 2018, T.T. was under fifteen years of age at the time of the offense; (2) T.T. was at least three years younger than Defendant; and (3) Defendant touched T.T.'s genitals, directly or through clothing, using any instrumentality or any part of his body.

It is well settled that when sufficiency of the evidence, and one or more trial errors, are raised on appeal, this Court should first determine the sufficiency of the

evidence. *State v. Groves*, 2020-0450, p. 21 (La.App. 4 Cir. 6/10/21), 323 So.3d 957, 971 (quoting *State v. Hearold*, 603 So.2d 731, 734 (La. 1992)). We review sufficiency of the evidence first because "if there is not sufficient evidence to support a conviction, an accused is not entitled to a new trial; rather, an accused is entitled to an acquittal. If an accused is entitled to an acquittal, this prevents the need for a retrial." *Groves*, 2020-0450, p. 21, 323 So.3d at 971 (citation omitted).

This Court has previously set forth the applicable standard of review for sufficiency of the evidence:

> In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Green*, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. *State v. Mussall*, 523 So.2d 1305 (La. 1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. *Mussall*; *Green*; *supra*. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." *State v. Smith*, 600 So.2d 1319 (La. 1992) at 1324.

*State v. Huckabay*, 2000-1082, p. 32 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093, 1111 (citation omitted).

Pursuant to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), this Court must determine that the evidence, viewed in the light most favorable to the prosecution, "was sufficient to convince a rational trier of fact that all the elements of the crime had been proved beyond a reasonable doubt." *State v. Neal*, 2000-0674, p. 9 (La. 6/29/01), 796 So.2d 649, 657 (quoting *State v.*

*Captville*, 448 So.2d 676, 678 (La. 1984)). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. The statutory test of La. R.S. 15:438 "works with the *Jackson* constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury." *Neal*, 2000-0674, p. 9, 796 So.2d at 657 (citation omitted). "When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience." *State v. Brown*, 2012-0626, p. 7 (La.App. 4 Cir. 4/10/13), 115 So.3d 564, 571 (citation omitted). "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." *Huckabay*, 2000-1082, p. 32, 809 So.2d at 1111 (quoting *State v. Smith*, 600 So.2d 1319, 1324 (La. 1992)). As an appellate court we must review the record as a whole, just as the trier of fact would do. *State v. Wilson*, 2022-0346, p. 4 (La.App. 4 Cir. 12/9/22), 353 So.3d 389, 393 (citation omitted).

Defendant asserts that T.T. and his mother's testimony contained numerous inconsistencies from their statements to the police and T.T.'s interview with the New Orleans Children's Advocacy Center. Defendant contends that T.T. and his mother's testimony is therefore unreliable. Defendant further maintains that due to the lack of forensic and corroborative evidence, his convictions cannot stand on inconsistent testimony alone. Thus, the State's witnesses failed to prove beyond a reasonable doubt that he committed the crimes for which he was charged.

The State presented the testimony of T.T. and his mother. T.T. testified that Defendant played pornographic material on the television, masturbated in front of

8

T.T., encouraged T.T. to also masturbate, placed T.T.'s hand on the Defendant's genitals, placed his hand on T.T.'s genitals and ejaculated. Both T.T. and his mother testified that T.T. was fourteen years old at the time of the incident. The testimony elicited also demonstrates that Defendant intended to gratify his own, and T.T.'s, sexual desires. It is not the role of this Court to assess the credibility of witnesses or re-weigh the evidence submitted at trial. *See State v. Brown*, 2016-0965, p. 28 (La.App. 4 Cir. 5/3/17), 219 So.3d 518, 536 (concluding that "[t]he credibility of witnesses presenting conflicting testimony on factual matters is within the sound discretion of the trier of fact.") (citation omitted). Credibility determinations are matters of weight, not sufficiency, and does not cause the evidence to be insufficient to convict. *State v. Woods*, 2000-2712, p. 6 (La.App. 4 Cir. 5/29/02), 828 So.2d 6, 10 (citation omitted). Additionally, "[i]n cases involving sexual offenses, the testimony of the victim alone may be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense." *State v. Barbain*, 2015-0404, p. 10 (La.App. 4 Cir. 11/4/15), 179 So.3d 770, 778 (citation omitted). While we recognize that conflicting testimony exists, we find the testimony was sufficient to support a finding of indecent behavior with a juvenile and sexual battery. A jury heard the testimony of the witnesses. They listened to the trial testimony and watched T.T.'s interview with Ms. Pontoriero; ultimately finding Defendant guilty as charged. The testimony of a single witness, if believed by the trier of fact, is sufficient to support a factual conclusion. *State v. Campbell*, 2015-0017, p. 8 (La.App. 4 Cir. 6/24/15), 171 So.3d 1176, 1182 (citation omitted).

9

"Appellate review for constitutional sufficiency of evidence is limited by the due process standard of *Jackson v. Virginia*. Under that standard, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Toby*, 2023-00722, p. 3 (La. 10/25/24), 395 So.3d 831, 833, *reh'g denied*, 2023-00722 (La. 12/12/24), 397 So.3d 424 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)) (internal citation omitted). Viewing the evidence presented by the State, in a light most favorable to the prosecution, we find the trier of fact was presented with sufficient evidence to determine that Defendant committed the crimes of indecent behavior with a juvenile and sexual battery. Accordingly, we find no merit to this assignment of error.

### *Admissibility of Evidence*

By his second assignment of error, Defendant asserts the district court violated his constitutional right to present a defense by not allowing him to introduce certain evidence. The right of a defendant to present evidence of a defense is provided by both the Sixth Amendment to the U.S. Constitution and Art. 1, Section 16 of the Louisiana Constitution. This includes the right to full confrontation and cross-examination of witnesses. *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038 (1973); *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920 (1967); *State v. Gremillion*, 542 So.2d 1074 (La. 1989); *State v. Clark*, 2023-0717 (La.App. 4 Cir. 6/10/24), 401 So.3d 171. While generally the introduction of evidence must comply with evidentiary rules, these rules "may not supersede the fundamental right to present a defense." *State v. Van Winkle*, 1994-0947, p. 5 (La. 6/30/95), 658 So.2d 198, 202. A district court's ruling on the admissibility of

evidence is reviewed under an abuse of discretion standard of review. *State v. Wright*, 2011-0141, pp. 10-11 (La. 12/6/11), 79 So.3d 309, 316 (citation omitted).

In the matter *sub judice*, Defendant contends that the district court's rulings prevented him from presenting evidence that the accusations against him were false. Specifically, Defendant contends he should have been allowed to present evidence that contradicted T.T.'s mother's testimony concerning how the visit was arranged and when it occurred; showed an on-going relationship with T.T. after the incident; and contradicted T.T. and his mother's testimony that she did not have a propensity for violence.

Defendant argues the district court erred in excluding text messages from T.T. and his mother regarding T.T.'s visit to his residence. Defendant also contends that the district court erred in not allowing text messages between Defendant and T.T. after the incident to be admitted into evidence. He avers that the ongoing communication with T.T. creates reasonable doubt on the reliability of the accusations and he should have been allowed to introduce the text messages for impeachment purposes. The district court did not allow the introduction of the text messages between T.T. and Defendant after the incident because they were presented for the first time on the second day of trial. Defendant acknowledges that he was allowed to ask questions about the text messages on cross-examination but, asserts that being prevented from entering the text messages into evidence did not allow the jury "fair consideration" of all the facts. The record reflects that Defendant was able to extensively question both T.T. and his mother regarding the text messages on the day of the visit and text messages between T.T. and Defendant after the incident. While each individual's recollection regarding the

text messages varies, we find that Defendant was not prohibited from exploring the issue during cross-examination.

Defendant also maintains the district court erred by ruling that he could not introduce evidence of a domestic stay-away order issued against T.T.'s mother.[5] He argues this evidence was necessary to prove his theory that T.T.'s mother had a propensity towards violence and coerced T.T. into accusing Defendant of sexual misconduct. Prior to the start of trial, the district court advised the State that defense counsel intended to cross-examine T.T.'s mother about a domestic stay-away order issued against her in municipal court. Citing to La. C.E. art. 609.1, the district court determined that because the charges were refused by the State, and thus no conviction resulted, the defense could not question her about the order in an attempt to impeach her credibility. Defendant contends that this ruling impinged on his ability to present a defense. As noted by the district court, this evidence was not admissible for impeachment purposes under the code of evidence. La. C.E. art. 609.1(B), provides: "[g]enerally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal." The protective order Defendant sought to introduce arose out of a criminal case for which T.T.'s mother was not convicted and thus, it was inadmissible for impeachment purposes.

Absent an abuse of discretion, a district court's ruling on the admissibility of evidence will not be disturbed on review. *Wright*, 2011-0141, pp. 10-11, 79 So.3d

---

[5] The domestic stay-away order issued against T.T.'s mother did not involve Defendant and was unrelated to the incident that forms the basis of Defendant's convictions.

at 316 (citation omitted). The record before this Court demonstrates that the district court did not err in its evidentiary rulings. The decision to exclude certain evidence did not prevent Defendant from presenting a defense. Accordingly, we find no merit to this assignment of error.

### *Excessive Sentence*

By his final assignment of error, Defendant contends the district court imposed constitutionally excessive sentences for his two convictions. The district court sentenced Defendant to serve seven years at hard labor on the indecent behavior with a juvenile conviction and ten years at hard labor on the sexual battery conviction, the sentences are to run concurrently.[6] He argues that imposition of the maximum sentences violated his constitutional rights. "A [district court] has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion." *State v. Bethley*, 2022-0849, p. 14 (La.App. 4 Cir. 6/21/23), 368 So.3d 1148, 1158 (quoting *State v. Smith*, 2001-2574, p. 7 (La. 1/14/03), 839 So.2d 1, 4) (internal citation omitted). When reviewing a claim of excessive sentence, this Court must "consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice." *State v. Bonanno*, 384 So.2d 355, 358 (La. 1980) (citation omitted). In an excessive sentence claim, the relevant question presented before this Court is not whether another sentence would be more appropriate, but

---

[6] Under this assignment of error, Defendant also asserts an ineffective assistance of counsel claim arguing that failure of his defense counsel to file a motion to reconsider sentence or request a pre-sentencing investigation constitutes ineffective assistance of counsel. While this Court may consider such claims on direct review, in general an ineffective assistance of counsel claim is properly raised in an application for post-conviction relief, in the district court, where a full evidentiary hearing on the matter may be conducted. *See Brown*, 2016-0965, p. 17, 219 So.3d at 531; *see also State v. Seiss*, 428 So.2d 444, 449 (La. 1983). We find the record before this Court does not contain sufficient evidence to decide the issue.

whether the district court abused its discretion in imposing the sentence. *State v. Cook*, 1995-2784, p. 3 (La. 5/31/96), 674 So.2d 957, 959 (citation omitted). Where, as here, a defendant fails to object to a sentence or file a motion for reconsideration of sentence per La. C.Cr.P. art. 881.1, appellate review of a sentence is limited to a review for constitutional excessiveness. *State v. Banks*, 2023-0806, p. 5 (La. App. 4 Cir. 5/24/24), 391 So.3d 24, 28.

Defendant contends that his sentences are constitutionally excessive due to his lack of criminal record and his good reputation in the community. He notes that the charges for which he was convicted were based on a single incident and the imposition of the maximum sentences is unconstitutionally excessive. While this Court may consider a different sentence more appropriate, given the record presented, we cannot say the district court abused its discretion in the imposition of Defendant's sentences.[7] *See Cook*, 1995-2784, p. 3, 674 So.2d at 959. Accordingly, we find no merit to this assignment of error.

## Errors Patent Review

In accordance with La. C.Cr.P. art. 920, this Court reviews all criminal appeals for errors patent on the face of the record. An error patent is one "that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La. C.Cr.P. art. 920(2). A review of the record reveals one error patent. In sentencing Defendant, the district court failed to specify that his sentence for the sexual battery conviction was to be served without benefit of parole, probation or suspension of sentence as required by the statute. *See* La. R.S. 14.43.1. However, La. R.S. 15:301.1(A) provides,

---

[7] We note that Defendant's right to seek post-conviction relief remains as to any and all appropriate issues. *See* La. C.Cr.P. arts. 930.3 and 930.8.

When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.

La. R.S. 15:301.1 cures the district court's failure to "specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence… ." Accordingly, we deem this error patent warrants no action by this Court.

## Decree

After a review of the record, we affirm Defendant's convictions and sentences for indecent behavior with a juvenile and sexual battery.

**CONVICTIONS AND SENTENCES AFFIRMED**

15